**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| VICTORIA C.,<br>Plaintiff,<br>v.<br>COMMISSIONER OF SOCIAL SECURITY,<br>Defendant. | Civil Action No. 25-18211 (MAS)<br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon Plaintiff Victoria C.'s ("Plaintiff")[1] appeal of the Commissioner of the Social Security Administration's (the "Commissioner") final decision denying Plaintiff's request for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act (the "Act"). (ECF No. 1.) The Court has jurisdiction to review this matter under 42 U.S.C. § 405(g) and reaches its decision without oral argument under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons below, the Court affirms the Commissioner's decision.

## I. BACKGROUND

In this appeal, the Court must consider whether the Administrative Law Judge's (the "ALJ") finding that Plaintiff was not disabled is supported by substantial evidence. The Court begins with the procedural posture and decision by the ALJ.

[1] The Court identifies Plaintiff by first name and last initial only. *See* D.N.J. Standing Order 2021-10.

### A. Procedural Background

Plaintiff initially filed an application for DIB in March 2022 alleging disability beginning in October 2021. (AR 96, ECF No. 4[2].) The Social Security Administration (the "Administration") denied the application both initially and upon reconsideration. (*Id.* at 119-23, 132-35.) Plaintiff requested a hearing before an ALJ and the ALJ denied Plaintiff's claim in a written decision dated February 28, 2025. (*Id.* at 27-76.) Plaintiff appealed to the Appeals Council, and the Appeals Council denied Plaintiff's request for review on November 10, 2025 (*id.* at 1-6), making the ALJ's February 28, 2025, decision the final decision. This appeal followed. (*See generally* Compl., ECF No. 1.) On February 27, 2026, Plaintiff filed her moving brief in this action. (Pl.'s Moving Br., ECF No. 5.) The Commissioner opposed (Def.'s Opp'n Br., ECF No. 7), and Plaintiff replied (Pl.'s Reply Br., ECF No. 8).

### B. The ALJ's Decision

In her February 28, 2025, decision, the ALJ concluded that Plaintiff was not disabled for the purposes of her DIB claim. (AR 31, 70.) The ALJ set forth the Administration's five-step sequential analysis for determining whether an individual is disabled. (*Id.* at 31-33 (citing 20 C.F.R. § 404.1520(a).)

At step one, the ALJ found that Plaintiff had "not engage[d] in substantial gainful activity during the period from her alleged onset date of October 30, 2021[,] through her date last insured of March 31, 2024[.]" (*Id.* at 33.)

[2] The Administrative Record ("AR") is located at ECF Nos. 4 through 4-10. The Court will reference the relevant pages of the AR and will not reference the corresponding ECF page numbers within those files.

At step two, the ALJ determined that Plaintiff had several severe impairments: (1) degenerative disc disease; (2) fibromyalgia; (3) depressive disorder; (4) and anxiety disorder. (*Id.*) The ALJ also determined that Plaintiff had the non-severe impairments of: (1) breast cancer status post-chemotherapy; (2) post-double mastectomy and reconstruction; (3) post-hysterectomy status; (4) osteoporosis; (5) sinusitis; (6) sensorineural hearing loss; (7) right-hand osteoarthritis; and (8) ulnar neuropathy. (*Id.*)

At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526 during the relevant period. (*Id.* at 37.) With respect to Plaintiff's physical impairments, the ALJ stated that she specifically reviewed: the listings at 1.15 (disorder of the skeletal spine), 1.16 (lumbar spinal stenosis), 1.18 (abnormality of a major joint in extremity), 11.14 (peripheral neuropathy), and 14.09 (inflammatory arthritis). (*Id.* at 37-39.) With respect to Plaintiff's mental impairments, the ALJ stated that she specifically reviewed: the listings at 12.00 (mental disorders), including but not limited to 12.04 (depressive, bipolar and related disorders), and 12.06 (anxiety and obsessive-compulsive disorders). (*Id.* at 39-49.) The ALJ stated that she specifically "considered whether the 'paragraph B' criteria were satisfied." (*Id.* at 39.)

The ALJ determined that Plaintiff had the residual function capacity[3] ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b). (*Id.* at 48.) Plaintiff, however, was limited to:

---

[3] RFC is defined as "the most [an individual] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1); *see Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 121 (3d Cir. 2000) ("'Residual functional capacity' is defined as that which an individual is still able to do despite the limitations caused by [her] impairment(s)[.]" (citing *Hartranft v. Apfel*, 181 F.3d 358, 359 n.1 (3d Cir. 1999))). Determination of a claimant's RFC is the exclusive responsibility of the ALJ. 20 C.F.R. §§ 404.1520(c), 404.1546(c).

"[o]ccasionally climb ramps or stairs, balance, stoop, kneel, crouch or crawl[,] [n]o concentrated exposure to hazards such as machinery or heights[,]" "[n]o climbing ladders, ropes or scaffolds[,]" only "perform[ing] simple routine and repetitive tasks" with "no interaction with the public[,] . . . occasional interaction with coworkers and supervisors[,]" and "frequently but not constantly, handl[ing], finger[ing,] and feel[ing] with the bilateral hands." (*Id.*)

At step four, the ALJ found that "[t]ransferability of job skills is not an issue because the claimant does not have past relevant work." (*Id.* at 68.) At step five, the ALJ determined that Plaintiff "was capable of making a successful adjustment to other work that existed in significant numbers in the national economy." (*Id.* at 69.) In doing so, the ALJ relied on testimony from a vocational expert who testified that an individual of Plaintiff's "age, education, work experience, and [RFC] . . . would [be] able to perform the requirements of representative occupations such as" package sorter, office helper, and mail room clerk. (*Id.* at 68.)

Finally, the ALJ determined that Plaintiff was not disabled, as defined in the Act, from October 30, 2021 (the alleged disability onset date), through the date Plaintiff was last insured, March 31, 2024, for the purposes of Plaintiff's DIB claim. (*Id.* at 69.)

## II. LEGAL STANDARD

### A. Standard of Review

On appeal from the final decision of the Commissioner, a district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001). To survive judicial review, the Commissioner's decision must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 390 (1971) (quoting 42 U.S.C. § 405(g)); *see*

*Morales v. Apfel*, 225 F.3d 310, 316 (3d Cir. 2000) (explaining that the reviewing court is "bound to the Commissioner's findings of fact if they are supported by substantial evidence"). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Substantial evidence "'may be somewhat less than a preponderance' of the evidence." *Ginsburg v. Richardson*, 436 F.2d 1146, 1148 (3d Cir. 1971) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)).

In reviewing the record for substantial evidence, the court "may not weigh the evidence or substitute [its own] conclusions for those of the fact finder." *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005) (internal quotation marks and citation omitted). Even if the court would have decided differently, it is bound by the ALJ's decision if it is supported by substantial evidence. *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001) (citing *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999)). The court must "review the record as a whole to determine whether substantial evidence supports a factual finding." *Zirnsak v. Colvin*, 777 F.3d 607, 610 (3d Cir. 2014) (citing *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999)). "Since it is apparent that the ALJ cannot reject evidence for no reason or for the wrong reason, an explanation from the ALJ of the reason why probative evidence has been rejected is required so that a reviewing court can determine whether the reasons for rejection were improper." *Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981) (citation omitted).

### B. Establishing Disability

To be eligible for DIB under the Act, a claimant must be unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a

continuous period of not less than [twelve] months[.]" 42 U.S.C. § 423(d)(1)(A). For purposes of the statute, a claimant is disabled only if her physical or mental impairments are "of such severity that she is not only unable to do her previous work but cannot, considering her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. § 423(d)(2)(A). A physical or mental impairment is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Administration regulations provide a five-step evaluation procedure to determine whether an individual is disabled. 20 C.F.R. § 404.1520(a)(4). For the first step, the claimant must establish that she has not engaged in any substantial gainful activity since the onset of her alleged disability. 20 C.F.R. § 404.1520(a)(4)(i). For the second step, the claimant must establish that she suffers from a "severe . . . impairment" or "combination of impairments." *Id.* § 404.1520(a)(4)(ii). Claimants bear the burden of establishing the first two requirements, and failure to satisfy either one results in a denial of benefits. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). The third step requires that the claimant provide evidence that her impairments are equal to at least one of the impairments listed in Appendix 1 of the regulations. 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant demonstrates that she suffers from a listed impairment or that her severe impairment is equal to a listed impairment, she is presumed to be disabled and entitled to DIB. *Id.*; 20 C.F.R. § 404.1520(d). If she cannot so demonstrate, the eligibility analysis proceeds to step four. *See* 20 C.F.R. § 404.1520(e).

Before considering step four of the sequential evaluation process, the ALJ must first determine the claimant's RFC. 20 C.F.R. § 404.1520(a)(4)(iv). In doing so, the ALJ must consider all of the claimant's impairments, including impairments that are not severe. *Id.* at

§ 404.1545(a)(2); SSR 96-8p, 61 Fed. Reg. 34471, 34474 (Jul. 2, 1996). Then, at step four, the ALJ determines whether the claimant's RFC permits her to resume previous employment. 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant's RFC permits her to resume previous employment, the claimant is not "disabled" and thus not entitled to DIB benefits. *Id.*; 20 C.F.R. § 404.1520(f). If the claimant cannot continue in this line of work, the analysis proceeds to step five. *See* 20 C.F.R. § 404.1520(a)(4)(v). Importantly, the burden of persuasion rests with the claimant in the first four steps. *Malloy v. Comm'r of Soc. Sec.*, 306 F. App'x 761, 763 (3d Cir. 2009).

At the fifth step, the burden shifts to the Commissioner to demonstrate that the claimant can perform other work consistent with her medical impairments, age, education, past work experience, and RFC. *Id.*; 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1560. If the Commissioner cannot satisfy this burden, the claimant will receive DIB benefits. 20 C.F.R. § 404.1520(g).

## III. <u>DISCUSSION</u>

Plaintiff appeals the ALJ' s decision and raises four arguments in support of remand or reversal: (1) the ALJ failed to carry the Commissioner's burden at step five of the sequential evaluation process; (2) the ALJ failed to properly consider the medical evidence including the opinions of Dr. Patricia Schneider ("Schneider"), Nurse Karen Piren ("Piren") and the state agency psychological consultants; (3) the ALJ's RFC determination is not supported by substantial evidence; and (4) that summary judgment should be awarded in Plaintiff's favor. (*See generally* Pl.'s Moving Br.)

For the reasons discussed below, the Court affirms the ALJ's decision.

### A. The ALJ's step five finding is supported by substantial evidence in the record.

Plaintiff argues: (1) the representative jobs provided by the vocational expert do not exist in "significant numbers" in the national economy as required by 20 C.F.R. § 404.1566(b); and

(2) the state psychological consultants' findings that Plaintiff "would be limited to work that involves no more than simple instruction" was in conflict with the reasoning levels of the representative jobs. (*See* Pl.'s Moving Br. 8-12.)

The Court finds that the ALJ's determination is supported by substantial evidence in the record.[4]

The ALJ found that Plaintiff "is limited to the performance of simple routine and repetitive tasks[.]" (AR 48.) Two of the representative jobs, package sorter and officer helper, have a reasoning level of two, which Plaintiff contends exceeds her RFC. (Pl.'s Moving Br. 11.) "Working at reasoning level [two]," however, "would not contradict the mandate that her work be simple, routine and repetitive." *Money v. Barnhart*, 91 F. App'x 210, 215 (3d Cir. 2004); *see also Jones v. Astrue*, 570 F. Supp. 2d 708, 716 (E.D. Pa. 2007), *aff'd sub nom.*, *Jones v. Comm'r of Soc. Sec.*, 275 F. App'x 166 (3d Cir. 2008) (finding no inconsistency between being limited to simple, repetitive tasks and jobs with reasoning level two); *Tollivers v. Astrue*, No. 11-6358, 2013 WL 427096, at *6 (D.N.J. Feb. 1, 2013) (same). The Third Circuit has further explained that "there is no bright-line rule stating whether there is a per se conflict between a job that requires level [three] reasoning and a finding that a claimant should be limited to simple and routine work." *Zirnsak v.*

[4] The Court notes that Plaintiff relies on SSR 00-4p to argue that the Commissioner must "(1) [i]dentify and obtain a reasonable explanation for any conflicts between occupational evidence provided by [vocational experts] . . . and information in the Dictionary of Occupational Titles . . . [;] and (2) explain in the determination or decision how any conflict . . . was resolved." (Pl.'s Moving Br. 9.) SSR 00-4p, however, was replaced by SSR 24-3p on January 6, 2025, making it the operational rule at the time of the February 28, 2025, ALJ decision. *See* SSR 24-3p, 2024 WL 5256890, at *2; *William D. v. Bisignano*, No. 25-5563, 2026 WL 809405, at *4 (E.D. Pa. Mar. 23, 2026) ("One aspect of the new ruling is eliminating SSR 00-4p's requirement that a [vocational expert's] testimony be consistent with the Dictionary of Occupational Titles[.]").

*Colvin*, 777 F.3d 607, 618 (3d Cir. 2014). Plaintiff's argument about reasoning levels therefore fails.

The ALJ's burden is satisfied if she identifies "a significant number of jobs (in one or more occupations)" which the claimant can perform. 20 C.F.R. § 404.1566(b). There is no bright line rule for how many jobs constitute a "significant number." *See Young v. Astrue*, 519 F. App'x 769, 772 (3d Cir. 2013) ("[T]here is no precise estimate for what constitutes 'significant numbers' of jobs under the Social Security Act."); *Ahmad v. Comm'r of Soc. Sec.*, 531 F. App'x 275, 278 (3d Cir. 2013) (finding as few as 569 jobs in the national economy to be a "significant number"). At least two of the jobs identified by the ALJ exist in undoubtedly significant numbers: package sorter, having 117,000 jobs nationally; and mail room clerk, having 11,000 jobs nationally. (AR 68.) The ALJ therefore satisfied her burden of producing "*one* or more occupations." 20 C.F.R. § 404.1566(b).

The Court therefore finds that the ALJ's step five finding was supported by substantial evidence in the record.

**B. The ALJ properly considered the opinion evidence in the medical record.**

Plaintiff argues that the ALJ failed to properly consider the medical evidence of record because she: (1) improperly relied on her own lay interpretation of the findings in the record; and (2) failed to support her evaluations of two medical opinions with substantial evidence. (Pl.'s Moving Br. 12-24.) Specifically, Plaintiff contends that the ALJ "failed to support her evaluations of [the opinions provided by] . . . Schneider, the State Agency psychological consultant[], and . . . Piren[, Plaintiff's treating provider,] with substantial evidence." (*Id.* at 14.)

"When weighing medical opinions in Social Security matters, administrative law judges must *consider* a range of factors, but all they must *explain* are the reasons for their decisions." *Zaborowski v. Comm'r of Soc. Sec.*, 115 F.4th 637, 638 (3d Cir. 2024) (emphases in original).

Under 20 C.F.R. § 404.1520c(a), an ALJ is required to consider medical opinions and determine the persuasiveness of the opinions by considering specific factors listed in the regulations. These factors include: (1) supportability; (2) consistency; (3) relationship of the medical source to the claimant, including length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, and extent of the treatment relationship; (4) specialization; and (5) other relevant factors. *Id.* § 404.1520c(c). Supportability and consistency are the most important factors. *Id.* § 404.1520c(b)(2). Accordingly, an ALJ must "explain how [she] considered [these two] factors" but need not "explain how [she] considered" the other factors. *Id.*

When giving this explanation, the ALJ "need not reiterate the magic words 'support' and 'consistent' for each doctor." *Zaborowski*, 115 F.4th at 639. It is sufficient, rather, for the ALJ to "weave supportability and consistency throughout her analysis of which doctors were persuasive." *Id.* "[T]he regulations[, moreover,] seek to enforce a 'source level' analysis, rather than dividing each source's opinions into different units to be separately analyzed[,]" so the ALJ need not perform a supportability and consistency analysis "with regard to every aspect of the [medical] opinion." *Pyle v. Comm'r of Soc. Sec.*, No. 23-815, 2024 WL 4278291, at *1 n.1 (W.D. Pa. Sep. 24, 2024). Further, the ALJ is not required to provide a "written analysis about how [she] considered each piece of evidence." *Joseph P. v. Comm'r of Soc. Sec.*, No. 21-13524, 2023 WL 1929945, at *5 (D.N.J. Feb. 10, 2023) (citations omitted)). Instead, "[t]he new regulations reflect a 'reasonable articulation standard'" in which the "decision need only 'allow a subsequent reviewer . . . to trace the path of an adjudicator's reasoning.'" *Id.* (quoting Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01, 5858 (Jan. 18, 2017)). In tracing this path, "[a]n ALJ 'must give some indication of the evidence which [s]he rejects and h[er] reason(s) for discounting such evidence.'" *Tedesco v. Comm'r Soc. Sec.*, 833 F. App'x 957,

961 (3d Cir. 2020) (citation omitted). But "the ALJ is not required to supply a comprehensive explanation for the rejection of evidence; in most cases, a sentence or short paragraph [would] probably suffice." *Kelly v. Colvin*, No. 09-759, 2013 WL 5273814, at *10 (D. Del. Sep. 18, 2013) (quoting *Cotter v. Harris*, 650 F.2d 481, 482 (3d Cir. 1981)). It is, additionally, "not for this court to reweigh the various medical opinions in the record[,]" but instead "to determin[e] if there is substantial evidence to support the ALJ's weighing of those opinions." *Id.* (citations omitted).

Here, the Court finds that the ALJ properly considered the opinions of Schneider, Piren, and the state agency psychological consultants. The ALJ explicitly stated that she "careful[ly] consider[ed] the entire record" (AR 48),[5] including opinions of three state agency medical consultants, one physical consultative examiner, one audiology consultative examiner, two state agency psychological consultants, and a psychological consultative examiner (*id.* at 57-63). *Ramirez v. Kijakazi*, No. 22-431, 2023 WL 5916906, at *5 (M.D. Pa. Sep. 11, 2023) (explaining that the ALJ "stated [that] he rendered his findings after consideration of the entire record[,]" and the Court "should take [the ALJ] at his word"); *Jones v. Comm'r of Soc. Sec.*, 297 F. App'x 117, 120 (3d Cir. 2008) ("[W]e take the ALJ at [her] word[.]").

The ALJ explained that Schneider's opinion that Plaintiff was "limited to concentrating or working at a reasonable pace for only 'about a half[-]hour[]' is inconsistent with the record" from other medical opinions. (AR 61.) The ALJ found Schneider's opinion—that Plaintiff would not be

[5] The ALJ specifically considered, among other things: (1) treatment records from six different medical care centers (AR 51-53); (2) diagnostic imaging and testing such as x-rays, an electromyography and nerve condition study, an MRI, and DEXA scans (*id.* at 53-54); (3) mental health records including a March 2023 psychological consultative exam and treatment records from two mental health facilities as well as three non-mental health facilities (*id.* at 54-56); and (4) opinions of three state agency medical consultants, one physical consultative examiner, one audiology consultative examiner, two state agency psychological consultants, and a psychological consultative examiner (*id.* at 57-63).

able to maintain a regular schedule—"only somewhat persuasive" because the ALJ was "not persuaded that the claimant would be limited to concentrating or working at a reasonable pace for only 'about a half[-]hour[.]'" (*Id.* at 63.) The ALJ stated that Schneider's opinion was "inconsistent with the record" which "fail[s] to reveal exam findings of [Plaintiff being] easily distracted, tangentiality, circumstantiality, nystagmus, abnormal saccades, or any other noted pain behaviors upon exam" or "a repeated pattern of emergency room presentations or hospitalizations[.]" (*Id.* at 62.)

The ALJ explained that she did not weigh Piren's opinion heavily because the record does not support "exam findings of tangentiality, circumstantiality, abnormal associations, angry, aggressive, uncooperative or hostile behavior, or abnormal alertness orientations or perceptions[.]" (*Id.* at 65.) The ALJ further explained that "as to [Plaintiff's] physical health, the record fails to reveal exam findings of atrophy, contracture, cogwheeling, synovitis, joint instability, nystagmus, abnormal saccades, ataxia, foot drop, or wrist drop." (*Id.*) The ALJ therefore found portions of Piren's opinion unpersuasive due to inconsistency with other medical opinions of record. (*Id.*)

Here the Court finds that "[t]he ALJ appropriately addressed the medical opinion evidence [of Schneider and Piren] and gave [her] reasons . . . for rejecting" it as of limited weight, a determination that is supported by substantial evidence in the record. *Stephanie P. v. Comm'r of Soc. Sec.*, No. 21-12524, 2023 WL 2214179, at *4 (D.N.J. Feb. 24, 2023); *see also Tricia W. v. Comm'r of Soc. Sec.*, No. 24-11499, 2025 WL 3033994, at *6 (D.N.J. Oct. 30, 2025) (explaining that the ALJ does not have to "'supply a comprehensive explanation'" and that typically "'a sentence or short paragraph would [] suffice'" (citation omitted)); *Elliott v. Colvin*, No. 17-235, 2018 WL 1509022, at *1 n.1 (W.D. Pa. Mar. 27, 2018) (explaining that under the regulations in place at the relevant time here "[the ALJ] may afford a treating physician's opinion more or less

weight depending upon the extent to which supporting explanations are provided" and affirming the ALJ's findings where "the ALJ included in [her] decision a substantial discussion as to why [she] gave the weight that [she] did to the various medical opinions").

The Court therefore finds that the ALJ properly considered the opinion evidence, and her determinations regarding that opinion evidence are supported by substantial evidence in the record.

**C. The ALJ's RFC determination is supported by substantial evidence in the record.**

Plaintiff argues that her RFC limits her to "only occasional contact with supervisors and coworkers" and she is therefore fully precluded from working under SSR 85-15 and 96-8p. (Pl.'s Moving Br. 23.) Plaintiff further contends that because an "RFC is [an assessment of an] individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a . . . 'regular and continuing basis[,]' mean[ing] eight hours a day, for five days a week," she is precluded from working because her RFC limits her to "only occasional contact with supervisors and coworkers" (*Id.* (citation omitted).) Plaintiff argues that this shows her RFC is inconsistent with the regulations and SSRs, and this "lack [of] internal logic . . . shows a lack of substantial evidence to support the RFC." (*Id.* at 24.)

SSR 85-15 lays out policies for evaluating an individual's ability "to meet the intellectual and emotional demands of at least unskilled, competitive, remunerative work on a sustained basis[.]" SSR 85-15, 1985 WL 56857, at *1 (Jan. 1, 1985). Importantly, when evaluating stress and mental illness, SSR 85-15 explicitly states it "is not intended to set out any presumptive limitations for disorders" *Id.* at *5. "A substantial loss of ability" "to understand, carry out, and remember simple instructions; to respond appropriately to supervision, coworkers, and usual work situations; and to deal with changes in a routine work setting . . . would justify a finding of disability[.]" *Id.* at *4. Substantial loss of ability, however, "cannot be precisely defined." SSA

POMS DI 25020.010A.3, 2001 WL 1933437. Determining that there has been a substantial loss of ability "requires professional judgment, on the basis of the evidence in file in each case." *Id.*

"Plaintiff bears the burden of proof at the point of RFC determination[.]" *Diaz v. Astrue*, No. 07-3220, 2008 WL 4104564, at *6 (D.N.J. Sep. 3, 2008) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987)). It is not the Commissioner's burden to disprove a claimant's disability. *Sykes v. Apfel*, 228 F.3d 259, 262-63 (3d Cir. 2000). An ALJ need not "perform a 'function-by-function' analysis . . . so long as the ALJ's RFC determination is supported by substantial evidence in the record." *Glass v. Comm'r of Soc. Sec.*, No. 18-15279, 2019 WL 5617508, at *8 (D.N.J. Oct. 31, 2019).

Here, the Court finds that the ALJ's RFC determination is supported by substantial evidence in the record. The ALJ "provided a thorough analysis of the available medical evidence in the record[.]" *Paul H. v. Comm'r of Soc. Sec.*, No. 24-5970, 2025 WL 1348534, at *5 (D.N.J. May 8, 2025). Specifically, the ALJ: (1) weighed Plaintiff's subjective testimony about her symptoms (AR 77-94) and found that her medically determinable impairments could reasonably cause those symptoms (*id.* at 49-50); (2) determined that Plaintiff's testimony about the "intensity, persistence[,] and limiting effects of these symptoms [was] not entirely consistent with the medical evidence and other evidence in the record" (*id.* at 50); (3) noted that Plaintiff's March 2023 psychological exam indicated she was "alert and well oriented, had normal motor behavior, and was not using a cane, walker or[,] wheelchair" (*id.* at 51, 560-64); (4) reviewed medical records indicating that Plaintiff's documented reflex decreases "were only slight in nature" and "were not accompanied by exam findings of abnormal ranges of motion or abnormal manual dexterity" (*id.* at 51, 895-910, 914-18); (5) reviewed medical records indicating there were only one-time findings of cane use, and impaired balance, decreased bilateral hip, and decreased bilateral knee strength

(*id.* at 912, 914-18); (6) reviewed medical records which "revealed that [Plaintiff] was alert, fully oriented, and/or not in any noted distress and had otherwise normal cardiovascular, respiratory and/or abdominal exams" and failed to reveal "a fatigued, lethargic, tired, sleepy, drowsy, etc. appearance upon exam[,] . . . . any noted pain behaviors[,] . . . . [or] any noted visual or hearing deficit that hindered or prevented the completion of any exam" and a "one-time exam finding of restlessness with difficulty sitting or standing . . . due to subjective pain" (*id.* at 52-53, 384-404, 405-503, 535-59, 577-700, 829-44, 848-80, 883-94, 895-910); (7) reviewed imaging which revealed a normal study or only mild degenerative changes (*id.* at 53, 573-76, 919-22); (8) reviewed mental health records, which revealed depressive disorder, anxiety disorder, dysthymic disorder, and phobia of injections (*id.* at 54-56); and (9) observed that "the record documents mental health treatment simply via medication and outpatient counseling/medication management, without any noted emergency room presentations or hospitalizations" (*id.* at 54). As discussed above, moreover, the ALJ also considered the opinion evidence of Plaintiff's medical providers. The ALJ's determination is therefore supported by substantial evidence. *See Glass*, 2019 WL 5617508, at *1 ("[A] court must uphold the ALJ's factual decisions if they are supported by 'substantial evidence.'").

The Court therefore finds that the ALJ's RFC determination is not work-preclusive and supported by substantial evidence in the record.[6]

[6] Plaintiff also argues that she should be awarded summary judgment based on the administrative record. (Pl.'s Moving Br. 25.) For the reasons outlined above, the Court declines to do so.

## IV. CONCLUSION

For the reasons outlined above, the Court affirms the Commissioner's decision. The Court will issue an Order consistent with this Memorandum Opinion.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

DATED: AUGUST 10th, 2026